**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUDOLFO BERGARA,

Petitioner-Appellant,

v.

MATTHEW CATE, Warden, and
MICHAEL MARTEL,

Respondents-Appellees.

No. 12-15172

D.C. No. 3:09-cv-05880-EMC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted June 11, 2013
San Francisco, California

Before: O'SCANNLAIN and HURWITZ, Circuit Judges, and PIERSOL, Senior
District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

Petitioner Rudolfo Bergara appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Bergara was convicted in California state court on three counts of lewd and lascivious conduct involving substantial sexual conduct with a minor under 14 years of age, three counts of furnishing a controlled substance to a minor more than four years younger than Bergara, and one count of attempting to dissuade a witness by force or threat of force. The jury also found true the allegations that Bergara personally inflicted great bodily injury on the victim for two of the lewd and lascivious conduct counts. The evidence at trial showed that the victim was impregnated twice by Bergara, and that both pregnancies were terminated by an abortion not performed by Bergara. The jury was instructed that a pregnancy or abortion may constitute great bodily injury.

Although the California Court of Appeals reversed Bergara's judgment of conviction on one count of furnishing a controlled substance to a minor and reduced the determinate term sentence imposed by the trial court, the court of appeals otherwise affirmed Bergara's judgment of conviction. Bergara petitioned the California Supreme Court for review, which was granted pending the decision in *People v. Cross*, 45 Cal. 4th 58 (2008). The *Cross* majority later ruled that a jury

instruction, which stated that abortion may cause great bodily injury, should not have been given in that case because the defendant did not perform the abortion. *Id.* at 66–67. Nonetheless, the *Cross* court found that the irrelevant instruction did not mislead the jury because the evidence showed that the defendant did not personally inflict the abortion, and the jury was instructed that the defendant must have personally inflicted the great bodily injury. *Id.* at 67. After the *Cross* opinion issued and "[i]n light of the decision" therein, the California Supreme Court dismissed Bergara's petition for review.

Bergara asserts that, because it was undisputed that he did not perform either of the victim's two abortions, the great bodily injury instructions were erroneous and violated his due process rights because they permitted the jury to enhance his sentence by finding the abortions were great bodily injuries, a legally incorrect theory. In Bergara's case, prior to defining "great bodily injury" and stating that "[a] pregnancy or abortion may constitute[ ] great bodily injury," the trial court instructed the jury that it was their "duty to determine whether the defendant personally inflicted great bodily injury on Jane Doe." There was sufficient evidence in the record to support a conclusion that the victim's pregnancies constituted great bodily injury. The California Supreme Court's dismissal of Bergara's petition for review, which provided the last-reasoned state court decision, was in light of *Cross*, in which it was

3

determined that, although giving the jury instruction was erroneous, it did not violate the defendant's state or federal constitutional rights. The California Supreme Court thus concluded in Bergara's case that the jury instructions did not violate his constitutional rights. Under the highly deferential standard of review that is applicable here, we cannot say the California Supreme Court's determination that Bergara's constitutional rights were not violated was contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**